UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------

| | | |
|---|---|---|
| JOY CONSTRUCTION CORPORATION, | ) | Civil Action No. |
| | ) | |
| Plaintiff | ) | **COMPLAINT** |
| | ) | |
| -against- | ) | JURY TRIAL |
| | ) | |
| STARSTONE SPECIALTY INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

------------------------------------------------------------------------

Plaintiff, JOY CONSTRUCTION CORPORATION, by its attorneys WEG AND MYERS, P.C., as for its Complaint against Defendant, STARSTONE SPECIALTY INSURANCE COMPANY, respectfully alleges the following:

## INTRODUCTION

1. This is an action for breach of contract and declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 for the purpose of determining the rights and obligations relative to Defendant's breach of its duty to defend and, if necessary, indemnify Plaintiff with respect to an underlying proceeding and potential action as compelled by the terms and conditions contained in a certain Management Liability policy issued to Plaintiff by Defendant.

## PARTIES

2. At all times mentioned herein, Plaintiff JOY CONSTRUCTION CORPORATION ("JOY') was and still is a domestic business corporation existing pursuant to the laws of the State of New York having its principal executive office at 40 Fulton Street, 22nd Floor, City of New York, County of New York and State of New York.

1

3. At all times mentioned herein, Defendant STARSTONE SPECIALTY INSURANCE COMPANY ("STARSTONE") was and still is a foreign corporation incorporated in the State of Delaware with its principal place of business located at 1209 Orange Street, Wilmington, Delaware 19801.

**JURISDICTION AND VENUE**

4. This Court has Jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) and (c) (1) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (a) (2) because the insurance policy at issue in this case was sold to Plaintiff in this District.

**STATEMENT OF FACTS**

6. Plaintiff JOY provides construction and development services for projects in the New York City area.

7. On or about December 7, 2022, STARSTONE issued to JOY a "Private Company Management Liability" policy of insurance, bearing policy number 83468Q220ASP, for the policy period of December 7, 2022 to December 7, 2023, and providing liability coverage, in part, under an Employment Practices Liability coverage grant with limits of $2,000,000.00 ("the Policy"). A copy of the Subject Policy of Insurance is Exhibit to the Complaint as Exhibit "A".

8. Plaintiff JOY retained Eddington Security, Inc. for the purpose of staffing independently contracted security officers at its job sites.

9. In or about January 2023, Tanzima Tuli ("Tuli") commenced employment at Eddington Security Inc., as a security officer.

10. In or about February 2023, Eddington Security staffed Tuli to work at JOY as a security officer for JOY's construction site located at 375 W 207 Street, New York, New York 10034.

**Underlying Proceeding**

11. On October 19, 2023, Tuli filed a Charge with the Equal Employment Opportunity Commission ("EEOC") against Plaintiff JOY (the "Underlying Proceeding"). A copy of the charge and the allegations set forth therein is annexed to the Complaint as Exhibit "B".

12. In the Underlying Proceeding, Tuli alleged that she experienced sex discrimination, gender discrimination, sexual harassment, and a hostile work environment.

13. Specifically, Tuli alleged in part, that from "March 2023 through the present, Supervisor DOMINIC subjected Claimant to frequent and severe sexual harassment." See Exhibit B at ¶ 10. Dominic is an employee of JOY.

14. Tuli also alleges that JOY "unlawfully discriminated against Claimant because of her sex, gender, race, color, national origin, and because she complained or opposed the unlawful conduct of [JOY] related to her sex, gender." Id. at ¶ 30.

15. In October of 2023, Tuli reported the conduct to Eddington Security and retained counsel.

16. On October 20, 2023, JOY provided STARSTONE with notice of the Charge filed with the EEOC and sought defense and indemnification coverage in connection with the Underlying Proceeding.

**Coverage Provided**

17. The insuring clause in the Policy states as follows:

> **I. INSURING AGREEMENTS**
> Subject to the terms, conditions and exclusions of this Policy:
> A.    EMPLOYMENT PRACTICES LIABILITY INSURANCE
>
> The **Insurer** shall pay on behalf of the **Insured**, **Loss** arising from any **Claim** first made against the Insured during the

**Policy Period** and reported to the **Insurer** in the time and manner required by this Policy.

[…]

## II. DEFINITIONS

A. **Claim** means:

1. a written demand for monetary, non-monetary or injunctive relief against an **Insured**, by reason of a **Wrongful Act**;
2. a civil, administrative, regulatory or arbitration proceeding against an **Insured**, by reason of a **Wrongful Act**, which is commenced by service of a complaint or similar document or the filing of a notice of charges;
3. a formal administrative or regulatory investigation of an **Insured**, by reason of a **Wrongful Act**, which is commenced by written notice or subpoena from the Equal Employment Opportunity Commission or any similar federal, state, local or foreign government agency;

[…]

B. **Employment Wrongful Act** means any actual or alleged employment-related:

1. discrimination based upon race, color, religion, age, gender, national origin, sexual orientation, pregnancy, disability or any other basis prohibited by federal, state, or local law;

[…]

3. sexual or workplace harassment including workplace bullying;
4. violation of employment discrimination laws including any actual or alleged wrongful: deprivation of career opportunity, failure to promote, discipline, evaluation, demotion, denial of tenure, modification of any term or condition of employment; or limitation, segregation or classification of any employee;

[…]

7. defamation, humiliation, or invasion of privacy;

18. The Policy included Endorsement No. 9 "Sexual & Physical Abuse Exclusion" that amends the Common Exclusions of the Policy by the addition of the following:

> In addition to the Exclusions listed in the **Coverage Parts,** the **Insurer** shall not be liable under this Policy to pay any **Loss** arising from any **Claim** made against any **Insured**:
>
> 1. SEXUAL & PHYSICAL ABUSE
> based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any actual or alleged:
>    a. sexual abuse;
>    b. physical abuse;
>    c. licentious, immoral or sexual behavior intended to lead to or culminate in any sexual act; or
>    d. transmission of any communicable disease;
>
> whether caused by or at the instigation of, or at the direction of, or omission by, any person or cause whatsoever;

19. As set forth above, the Policy issued to JOY provides coverage, *inter alia,* for sexual harassment and discrimination based on sex and gender.

20. Accordingly, the allegations contained in the Underlying Action trigger coverage under the Policy.

**Declination of Coverage**

21. On November 10, 2023, notwithstanding the above, Defendant issued a declination letter to Plaintiff denying coverage for defense and indemnification for the Underlying Action, citing the Policy's Endorsement No. 9.

22. On February 7, 2024, Plaintiff, through retained counsel, provided Defendant with a coverage analysis, explaining in part, why the Sexual & Physical Abuse Exclusion would not be a basis for Defendant to deny JOY with defense coverage in connection with the charges pending against it.

23. In response, on April 3, 2024, Defendant, through retained counsel, merely reiterated Defendant's position that neither defense or indemnification coverage is available to JOY in connection with the Underlying Proceeding or any action filed against JOY based upon these allegations.

24. Quizzically, the April 3, 2024 denial letter acknowledges that, "the Tuli Matter *clearly asserts* that Chauhary subjected Tuli to frequent and severe *sexual harassment*[.]"

25. The Policy provides JOY with liability coverage for allegations stemming from alleged sexual harassment.

26. Since the commencement of the Underlying Proceeding, and as a result of Defendant's denial of coverage, Plaintiff retained private counsel to defend it in the Underlying Proceeding.

27. To date, Plaintiff has incurred at least $15,000 in connection with the Underlying Proceeding and its exposure of liability is anticipated to be in excess of $75,000.

**AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION
AGAINST DEFENDANT**
(Damages for Breach of Contract)

28. Plaintiff repeats and realleges each and every allegation contained in paragraph "1" though "27" with the same force and effect as if set forth at length herein.

29. Since the Policy provides coverage to Plaintiff for the allegations contained in the Underlying Proceeding and Plaintiff complied with all its contractual requirements under the Policy, Defendant is contractually obligated to provide coverage to Plaintiff in connection with the Underlying Proceeding.

30. Notwithstanding this contractual obligation, Defendant has refused to provide Plaintiff with a defense and refused to acknowledge its obligation to provide indemnification coverage if so warranted.

31. As a result of Defendant's wrongful refusal to provide Plaintiff with a defense in connection with the Underlying Proceeding, Plaintiff continues to incur legal fees.

32. To date, Plaintiff has incurred at least $15,000 in legal fees in connection with this defense of the Underlying Proceeding.

33. Plaintiff has been compelled to continue to incur legal fees as a direct result of Defendant's breach of the contractual obligations that it owes to Plaintiff.

34. As a result of this breach, Plaintiff has been damaged in the amount of at least $15,000 to date and anticipates incurring additional legal fees in connection with the defense of the Underlying Proceeding and any litigation brought against JOY stemming from the allegations set forth in the Underlying Proceeding, until such time that Defendant is compelled to assume the defense obligations in connection with the Underlying Proceeding.

**AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION
AGAINST DEFENDANT**
(Declaratory Judgment – Duty to Defend)

35. Plaintiff repeats and realleges each and every allegation contained in paragraph "1" though "34" with the same force and effect as if set forth at length herein.

36. Under the Policy, Defendant has a duty to defend Plaintiff against any potentially covered suit seeking damages for, among other things, alleged "sexual harassment" and "discrimination based on sex and gender," even if the allegations of the action are groundless or false.

37. The Underlying Proceeding constitutes a "Claim" as defined in the Policy as it contains a written demand for monetary relief against an "Insured," by reason of an alleged "Wrongful Act" and is a proceeding against an "Insured," by reason of an alleged "Wrongful Act," which is commenced by the filing of a notice of charges.

38. In providing Defendant with timely notice of the Underlying Action, Defendant was obligated to provide Plaintiff with coverage for its defense expenses in connection with the Underlying Proceeding.

39. Plaintiff has substantially performed all of its obligations pursuant to the Policy and has performed all of the conditions precedent to seek coverage under said Policy.

40. Defendant has wrongfully refused to honor its contractual obligations to Plaintiff by failing to provide Plaintiff with a defense in connection with the Underlying Proceeding.

41. It is also anticipated that Tuli may commence an action against JOY based upon the claims that it has filed with the EEOC.

42. As such, an actual controversy of a justiciable nature presently exists among Plaintiff and Defendant concerning the rights and obligations of the parties, with respect to Defendant's obligations and duty to defend Plaintiff in the Underlying Proceeding or any future litigation arising from the allegations contained in the EEOC filing.

43. The issuance of declaratory relief by this Court will terminate some or all of the existing controversy among the parties.

44. As a result, Plaintiff seeks a declaratory judgment declaring Defendant owes Plaintiff coverage in connection with its defense in the Underlying Proceeding or. any future litigation arising from the allegations contained in the EEOC filing.

**AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION
AGAINST DEFENDANT**
(Declaratory Judgment – Duty to Indemnify)

45. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "44" with the same force and effect as if set forth at length herein.

46. Plaintiff seeks a judicial determination of the rights and duties of Plaintiff and Defendant with respect to an actual controversy arising out of the Underlying Proceeding.

47. Under the Policy, Defendant has a duty to pay those sums that Plaintiff becomes legally obligated to pay as damages because of, among other things, "Employment Wrongful Acts" giving rise to a claim as those terms are defined in the Policy.

48. The Underlying Proceeding seeks damages for alleged "Employment Wrongful Acts" giving rise to a claim as those terms are defined in the Policy.

49. In timely notifying Defendant of the Underlying Proceeding, JOY expected that Defendant would fulfill its contractual obligations and agree to provide indemnification to Plaintiff in connection with any settlement or judgment entered against JOY in the Underlying Proceeding.

50. Notwithstanding the above, Defendant has wrongfully refused to recognize its potential indemnification obligations with respect to the "Employment Wrongful Acts" as defined in the Policy and alleged by Tuli.

51. Defendant owes Plaintiff a duty to indemnify any reasonable settlement or judgment because the alleged "Employment Wrongful Acts" as alleged in the Underlying Proceeding are covered under the Policy.

52. Plaintiff has performed all of its obligations pursuant to the Policy and has performed all of the conditions precedent to seek coverage under the Policy.

53. Defendant is therefore obligated to pay Plaintiff's potential reasonable settlement or potential judgment entered against Plaintiff in the Underlying Action in the event of settlement or judgment.

54. An actual controversy of a justiciable nature presently exists among Plaintiff and Defendant concerning the rights and obligations of the parties, with respect to Defendant's

obligations and duty to indemnify Plaintiff for a reasonable settlement or judgment in the Underlying Action.

55. The issuance of declaratory relief by this Court will terminate some or all of the existing controversy among the parties.

56. As a result, Plaintiff seeks a declaration as to Defendant's obligation to indemnify Plaintiff in connection with the Underlying Proceeding, if and when warranted.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

a. On the First Cause of Action against Defendant for breach of contract damages in the amount of at least $15,000 to date as well as all additional legal fees anticipated to be incurred in connection with the defense of Plaintiff in the Underlying Proceeding in an amount to be determined but anticipated to be in excess of $75,000;

b. On the Second Cause of Action against Defendant for declaratory relief, requiring Defendant to provide Plaintiff with defense coverage in connection with the Underlying Proceeding;

c. On the Third Cause of Action against Defendant for declaratory relief, requiring Defendant to provide Plaintiff, if necessary, with indemnification coverage in connection with the Underlying Proceeding; together with pre- and post-judgment interest as provided by law; and

d. On all causes of action, costs and disbursements as allowed by law, together with such other relief as to which this Court deems just and proper.

Dated: Rye Brook, New York
July 3, 2024

Yours, etc.,

**WEG AND MYERS, P.C.**

*Attorneys for Plaintiff*

By:   /s/ *Joshua Mallin*

Joshua L. Mallin, Esq.
Danielle N. Johnson, Esq.
800 Westchester Ave, Suite N-513
Rye Brook, New York 10573
JMallin@Wegandmyers.com